**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF ARIZONA**

United States of America,

Plaintiff,

v.

Jose J. Quintero-Morales,

Defendant.

No.CR-25-02814-001-TUC-AMM (JEM)

**REPORT AND RECOMMENDATION**

This matter is on referral to United States Magistrate Judge James E. Marner for pretrial matters. Defendant Jose Jesus Quintero-Morales ("Defendant") filed a Motion to Suppress ("Motion"). (Doc. 41.) The United States ("Government") filed Government's Response to Defendant's Motion to Suppress ("Response"). (Doc. 46.) Defendant did not reply. This Court conducted evidentiary hearing at which two Government witnesses testified and three exhibits were admitted. (Doc. 48.) This Court took the matter under advisement. *Id*. The plea deadline is November 13, 2026, and a jury trial is set for December 1, 2026, at 9:30 a.m. before District Judge Angela M. Martinez. (Doc. 56.)

As more fully set forth below, the Magistrate Judge recommends that the district court **deny** Defendant's Motion.

/ / /

## I. Facts

On May 12, 2025, supervisory border patrol agent Peter Gilmore ("SBPA Gilmore") was conducting surveillance in Nogales, AZ as part of the anti-smuggling enforcement unit ("DISRUPT Unit"). (Excerpted Transcript of Proceedings, Motion Hearing, Testimony of Agent Peter Gilmore, Testimony of Agent Raymond Ritz ("Tr") 3-5.) SBPA Gilmore is an 18 year veteran of the United States Border Patrol and has served in the DISRUPT Unit since 2024. (Tr 4.) Throughout his career, SBPA Gilmore has received advanced training on, *inter alia*, conducting alien smuggling investigations. *Id*. Since 2024, SBPA Gilmore has investigated approximately 50 alien smuggling cases per year. (Tr 5.)

While conducting surveillance on May 12, 2025, SBPA Gilmore was notified that a suspected illegal alien had crossed the International Border Fence and went into the West International Street area. *Id*. Acting on this information, SBPA Gilmore parked his vehicle north of West International Street on Crawford Street. (Tr 6.) Other agents on SBPA Gilmore's team also moved into the area and set up in unmarked cars in an effort to see if they could observe the suspected illegal alien coming out of the brush. *Id*.

According to SBPA Gilmore, that portion of Crawford Street is a hotbed for alien smuggling loads as the area is a densely populated neighborhood with houses close together, steep terrain, and heavy vegetation. *Id*. According to SBPA Gilmore, the area's close proximity to the International Border Fence, in combination with its dense population, makes blending in much easier for alien smuggling. (Tr 6-7.)

While conducting surveillance on Crawford Street, SBPA Gilmore observed a black Toyota Sequioa ("Sequoia") that SBPA Gilmore recognized as belonging to Defendant.

(Tr 7.) Defendant had been pointed out to SBPA Gilmore years earlier as being involved in alien smuggling events, either as a scout or an alien or narcotics smuggler within the Nogales and Rio Rico areas. (Tr 8-9.) Starting in 2025, border patrol agents began seeing Defendant "pop up" on trail cameras with suspected illegal aliens thereby becoming a person of interest to border patrol. (Tr 14.)

SBPA Gilmore exited his vehicle, went into the brush line between two houses, and looked down on Interstate 19 into the brush area just east of "the house on stilts." (Tr 11.) SBPA Gilmore re-entered his vehicle to have a clear visual of the street line. *Id*. SBPA Gilmore observed the suspected illegal alien run up a hill to the top of a dirt lot and stand just off of the curb of Crawford Street. *Id*. While maintaining visual on the location, SBPA Gilmore noticed Defendant drive his Sequioa to that location and park in the area just east of where SPBA Gilmore had observed the suspected illegal alien. *Id*. SBPA Gilmore could see that Defendant was the driver of the Sequoia and it appeared that Defendant was the only occupant in the Sequoia at that time. *Id*.

SBPA Gilmore observed the suspected illegal alien stand up and walk towards the Sequioa and he observed the Sequoia drive away from the area and proceed further east down Crawford Street. (Tr 12.) SBPA Gilmore then proceeded eastbound down Crawford Street towards where the suspected illegal alien was and where the Sequoia was parked and performed a brief search of the area where he believe he should have seen the suspected illegal alien had the suspected illegal alien "stayed put." *Id*. Having not located the suspected illegal alien, SBPA Gilmore alerted other members of the DISRUPT Unit via radio that he believed the suspected illegal alien had loaded into the Sequoia and that the

Sequoia was traveling eastbound on Crawford Street. *Id*. SBPA Gilmore then inspected the area, confirmed the suspected illegal alien was no longer there, and then proceeded west down Crawford Street. *Id*.

Border patrol agent Raymond Ritz ("BPA Ritz") is a 7 ½ year veteran with the United States Border Patrol and was assigned to Nogales, Arizona from 2019 to 2025. (Tr 4.) BPA Ritz was member of the DISRUPT Unit from March of 2024 until July or August of 2025. (Tr 41.) Prior to the events underlying this case, BPA Ritz attended training at the Border Patrol Academy, received briefing and intelligence on, and had personal "run-ins" with, Defendant. (Tr 41-43.)

On May 12, 2025, BPA Ritz received information that a suspected illegal alien had crossed the International Border Fence. (Tr 41-42.) In response to this information, BPA Ritz positioned his unmarked vehicle on North West Street and BPA Ritz gained visual of a Sequioa. (Tr. 42-43, 54.) According to BPA Ritz, the Sequioa was of interest to the DISRUPT Unit because the Sequoia was identified as possibly being used for alien smuggling in the Nogales area. (Tr 45.)

Approximately 30 seconds to one minute after receiving information from other members of the DISTRUPT Unit that the Sequoia may have just conducted any alien smuggling event, BPA Ritz saw the Sequoia. *Id*. BPA Ritz observed the Sequioa stop near his location, he observed an individual exit the Sequoia, and he then observed the Sequoia continue northbound then "take a right and drive east." (Tr 45-46.) BPA Ritz was approximately 15 to 20 yards away from the Sequoia when he observed these events. (Tr 46.)

After observing the individual exit the Sequoia and the Sequoia drive east, BPA Ritz drove his vehicle to the location where the individual had exited the Sequoia. (Tr 46.) BPA Ritz observed the individual on a property and called down to the individual. (Tr 47.) The individual acknowledged BPA Ritz and BPA Ritz conducted a field immigration inspection. *Id*. The field immigration inspection revealed that the individual was Rosendo Martinez-Maldonado ("Martinez-Maldonado") and that Martinez-Maldonado was "in the country illegally and [he] did not have status to be in the country legally." (Tr 48.)

BPA Ritz alerted other members of the DISRUPT Unit of the results of the field immigration inspection and border patrol agents stopped and arrested Defendant. (Tr 49.)

On June 11, 2026, Defendant was indicted by a grand jury on one count of conspiracy to transport aliens for profit in violation of 8 U.S.C. §§ 1324(a)(1)(A)(v)(I), 1324(a)(1)(A)(ii) and 1324(a)(1)(B)(i) and one count of transporting aliens for profit in violation of 8 U.S.C. §§ 1324(a)(1)(A)(ii) and 1324(a)(1)(B)(i). (Doc. 18.)

## II. Defendant's Motion to Suppress

Defendant moves to suppress "all evidence obtained by the Government after the stop of the vehicle [Defendant] was driving on May 12, 2025[.]" (Doc. 41 at p. 1.) He argues that "[t]he stop was made without a search warrant, without an arrest warrant, without probable case, and without reasonable suspicion." *Id*. at p. 2. Defendant summarily argues that "[t]he totality of the circumstances did not justify the stop nor the subsequent seizure and search." *Id*. at p. 3. He argues that he "was not committing any traffic infraction nor violating any law at the time of the stop nor was he about to do either." *Id*. at 6.

/ / /

**III. Probable Cause to Arrest Standard**

Warrantless arrests in public are permitted when supported by probable cause. *Payton v. New York*, 445 U.S. 573, 574 (1980) (citing *United States v. Watson*, 423 U.S. 411, 96 S. Ct. 820, 46 L. Ed. 2d 598 (1976)); *United States v. Hoyos*, 892 F. 2d 1387 (9th Cir. 1989). An officer has probable cause to arrest when reasonably trustworthy information and circumstances would lead a person to believe an offense has been committed by the suspect. *Beck v. State of Ohio*, 379 U.S. 89, 91, 85 S. Ct. 223, 225, 13 L. Ed. 2d 142 (1964) (citing *Brinegar v. United States*, 338 U.S. 160, 175, 69 S. Ct. 1302, 1310, 93 L. Ed. 1879 (1949)).

The Court must consider the "totality of the circumstances" to determine whether a reasonable or prudent person would conclude that there was a "fair probability" that a defendant committed a crime. *United States v. Lopez*, 482 F.3d 1067, 1072 (9th Cir. 2007). Probable cause "requires only a probability or substantial chance of criminal activity, not an actual showing of such activity." *Illinois v. Gates*, 462 U.S. 213, 243-44, n. 13 (1983). Probable cause "is not a high bar." *Kaley v. United States*, 571 U.S. 320, 338, 134 S.Ct. 1090, 1103 (2014). Probable cause "requires only the kind of 'fair probability' on which 'reasonable and prudent [people,] not legal technicians, act.' " *Florida v. Harris*, 568 U.S. 237, 244, 133 S.Ct. 1050, 1055, 185 L.Ed.2d 61 (2013) (quoting *Illinois v. Gates*, 462 U.S. 213, 231, 238, 103 S.Ct. 2317, 76 L.Ed.2d 527 (1983)).

**IV. Border Patrol Agents Had Probable Cause to Arrest Defendant**

As laid out above, the facts establish that on May 12, 2025, border patrol agents saw a suspected illegal alien, later identified as Martinez-Maldonado, cross the International

Border and hide the brush near an empty lot in an area known to border patrol as an area for high illegal border crossing and alien and narcotic smuggling activity. SPBA Gilmore witnessed Defendant drive his Sequoia to Martinez-Maldonado's location where he saw Martinez-Maldonado approach Defendant's Sequoia and observed Defendant's Sequoia drive away shortly thereafter. A subsequent search of the area by SBPA Gilmore revealed that Martinez-Maldonado was no longer in the area if Martinez-Maldonado had, in SBPA Gilmore's words, "stayed put."

BPA Ritz then spotted Defendant's Sequoia with another individual now in it. BPA Ritz then saw that individual exit Defendant's Sequoia. BPA Ritz located the individual who had exited Defendant's Sequoia, learned that the individual was Martinez-Maldonado, and that Martinez-Maldonado did not have lawful permission to be in the United States. BPA Ritz relayed this information to other members of the DISRUPT Unit who then stopped and arrested Defendant.

Considering the totality of the foregoing facts, this Court finds that border patrol agents had probable cause to arrest Defendant. *See Lopez*, 482 F.3d at 1072.

## V. Recommendation

For the reasons set forth above, this Court **RECOMMENDS** the district court **DENY** Defendant's Motion to Suppress. This Recommendation is not an order that is immediately appealable to the Ninth Circuit Court of Appeals. Any notice of appeal pursuant to Rule 4(a)(1), Federal Rules of Appellate Procedure, should not be filed until entry of the District Court's judgment. The parties shall have fourteen (14) days from the date of service of a copy of this recommendation within which to file specific written

objections with the District Court. *See* 28 U.S.C. § 636(b)(1) and Rules 72(b), 6(a) and 6(e) of the Federal Rules of Civil Procedure. The parties have fourteen (14) days to file a response to the objections. No replies are permitted without leave of court. If any objections are filed, this action should be designated case number: **CR 25-02814-AMM**. Failure to timely file objections to any factual or legal determination of the Magistrate Judge may be considered a waiver of a party's right to de novo consideration of the issues. *See United States v. Reyna-Tapia*, 328 F.3d 1114, 1121 (9th Cir. 2003) (en banc).

Dated this 3rd day of August, 2026.

James E. Marner
United States Magistrate Judge